UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACK D. WILSON,

                    Plaintiff,

v.                                                Case No:  8:16-cv-2703-T-23GJK

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
_____

REPORT AND RECOMMENDATION

       Jack D. Wilson (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant alleges a disability onset date of April 30, 2012. R. 38. Claimant argues that the Administrative Law Judge (the "ALJ") erred by 1) failing to make a proper credibility finding regarding Claimant's testimony; 2) not affording the treating physicians' opinions substantial weight; 3) failing to fully and fairly develop the record; and 4) using an incorrect disability onset date in her final decision. Doc. No. 16 at 5-7, 10-12, 14-15, 19-20. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

       **I.**     **HISTORY**

       In August 1997, Claimant injured his knee while working. R. 295. For several years, he received medical treatment and pursued a worker's compensation claim. R. 269-98. Since 2002, however, Claimant had not received medical treatment due to a lack of insurance and money. R. 218. From 2002 until 2008, Claimant worked full time as a car detailer. R. 26.

On October 3, 2013, Claimant applied for disability insurance benefits. R. 175. In the application, Claimant stated his disability onset date was November 1, 2008. R. 182. The Disability Report listed Claimant's conditions that limit his ability to work as "left knee injury and reconstruction, left leg, left arm, and back." R. 199. On November 5, 2013, a consultative examination report was prepared by Dr. Byron R. Dean. R. 259-66. On December 5, 2014, a state agency assessment of Claimant was completed. R. 86.

On February 20, 2015, the ALJ held a hearing on Claimant's application for social security benefits. R. 15. At the hearing, Claimant amended his alleged disability onset date to April 30, 2012. R. 38. On March 26, 2015, the ALJ found Claimant was not disabled. R. 102, 112. Claimant appealed the decision to the Appeals Council, and on August 29, 2016, it denied review. R. 1-3. On September 20, 2016, Claimant filed this appeal. Doc. No. 1.

## II.   STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS

Claimant argues that the ALJ erred by 1) failing to make a proper credibility finding regarding Claimant's testimony; 2) not affording the treating physicians' opinions substantial weight; 3) failing to fully and fairly develop the record; and 4) using an incorrect disability onset date in her final decision. Doc. No. 16 at 5-7, 10-12, 14-15, 19-20.

### A.   ALJ's Credibility Determination

Claimant argues that the ALJ improperly discredited Plaintiff's complaints of pain and subjective symptoms. Doc. No. 16 at 5. In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529. Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2 ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). The ALJ cannot "reject [the claimant's] statements about the intensity and persistence of [the] pain or other symptoms or about the effect [the] symptoms have on [the claimant's] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p, 1996 WL 374186, at *1. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ found that Claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. R. 109. Despite this, the ALJ also found that Claimant's testimony regarding the intensity, persistence, and limiting effects of the symptoms was not entirely credible. R. 109. The ALJ supported this determination with two reasons.

First, she reviewed the notes from the consultative examining doctor that Claimant "walked without an assistive device, could perform sit-to-stand and stand-to-sit motions in monophasic motions without assistance and could get on and off the examination table without difficulty." R. 109. No acute bony abnormality was shown in the x-rays of Claimant's left knee. R. 109. The physical exam revealed mild hypertonicity of the cervical paraspinal muscles, and

tenderness and decreased strength in other muscles. R. 109. The ALJ also noted that there was no medical evidence for almost twelve years before the consultative exam. R. 109.

Second, the ALJ noted Claimant's statements that were inconsistent with the evidence. R. 109. Claimant told the consultative examiner that he had a history of a dislocated left patella, fractured kneecap, lower back pain, ACL and MCL tears, and three knee surgeries. R. 109-10, 259-60. He also told the examiner that worker's compensation denied further treatment. R. 110, 259. The ALJ then stated that the records from the worker's compensation claim and the orthopedic doctors show "little, if any, documented evidence of a fractured knee cap, lower back pain, ACL or MCL tears, three knee surgeries or denial of further treatment from Worker's Compensation." R. 110. A review of these records confirms the accuracy of this statement. Additionally, regarding a denial of worker's compensation treatment, the ALJ pointed to Claimant's testimony during the hearing that his worker's compensation case was settled with a lump sum payment. R. 24, 110.

Claimant argues that the ALJ found that Claimant's statements that he had multiple surgeries was not true, but that page 291 of the record states that Claimant did have multiple surgeries. Doc. No. 16 at 7. In her decision, however, the ALJ found that Claimant did have at least two surgeries. R. 110. Because the ALJ articulated specific and adequate reasons for questioning Claimant's credibility, it is recommended that this argument for reversing her decision be rejected.

### B.    Weight Afforded Treating Physicians' Opinions

Claimant argues that the ALJ erred in giving little weight to his treating physicians' opinions because those opinions were too remote in time. Doc. No. 16 at 11. Claimant contends

that because there was no conclusive evidence contradicting their findings, the opinions should have been given great weight. *Id.*

In addition to the treating physicians' opinions being rendered over a decade before Claimant's alleged disability onset date, the ALJ also gave them little weight because they were not consistent with Claimant's work history of "detailing cars full-time from 2002 to 2008 . . . ." R. 111.

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).[1]

Here, the treating physicians' opinions are not bolstered by the evidence and the evidence supports a contrary finding because, as articulated by the ALJ, the opinions were rendered many years before the alleged disability onset date and Claimant worked full time as a car detailer for six years after the opinions were rendered. The ALJ articulated good cause for affording the treating physicians' opinions little weight; therefore, the undersigned recommends that this argument be rejected.[2]

## C.    Duty to Fully and Fairly Develop the Record

Claimant argues that the ALJ erred by failing to fully and fairly develop the record. Doc. No. 16 at 14-15. Social security proceedings are inquisitorial, not adversarial, and the ALJ has a

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2] Because the ALJ did not err in affording the treating physicians' opinions little weight, Claimant's subsequent argument that Claimant would "grid out" at an exertional level of light duty is unavailing, as it is only the treating physicians that "noted an exertional limitation of no more than" twenty pounds. Doc. No. 16 at 12.

duty to investigate facts and develop arguments for granting and denying benefits. *Sims v. Apfel*, 530 U.S. 103, 110 (2000). Relatedly, the ALJ always has a basic duty to develop a full and fair record. *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995). The claimant, however, has the burden of proving disability and must produce evidence to support the disability claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). One district court explained the connection between the claimant's burden and the ALJ's duty as follows:

> Although the burden of proof is on the claimant to prove disability, the ALJ is under a duty to conduct a full and fair inquiry into all the matters at issue. *Ford v. Secretary of Health and Human Services*, 659 F.2d 66 (5th Cir. 1981). Thus, in general, the claimant has the burden of obtaining his medical records and proving that he is disabled. 20 C.F.R. § 404.1512(a) and (c). On the other hand, the Commissioner (*nee* ALJ) has the responsibility to make every reasonable effort to develop the claimant's complete medical history, for at least the twelve months preceding the month in which the claimant filed his application and, if applicable, for the twelve month period prior to the month in which he was last insured. 20 C.F.R. § 404.1512(d).

*Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1372 (N.D. Ga. 2006). Other courts have indicated that an ALJ's "duty to develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Reed v. Astrue*, No. 11-00376-B, 2012 WL 4497635, at *6 (S.D. Ala. Sept. 28, 2012).

An ALJ fulfills the duty to fully develop the record by ordering a consultative examination if one is necessary to make an informed decision. *McCray v. Massanari*, 175 F. Supp. 2d 1329, 1339 (M.D. Ala. 2001) (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir.1984)). The ALJ has "discretion to order a consultative examination where he determines one is warranted, [but] '[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Id.* at 1338-39 (quoting *Reeves*, 734 F.2d at 522 n.1).

A claimant who asserts that the ALJ violated the duty to develop a full and fair record must show "prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." *Brown v. Shalala*, 44 F.3d at 935. Demonstrating prejudice requires "showing that the ALJ did not have all of the relevant evidence before him in the record . . . or that the ALJ did not consider all of the evidence in the record in reaching his decision." *Kelley v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985). "In evaluating the necessity for a remand, [the court is] guided by 'whether the record reveals evidentiary gaps which result in unfairness or 'clear prejudice.'" *Brown*, 44 F.3d at 935 (quoting *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982)).

Claimant argues that the ALJ failed to develop the record because the ALJ did not order a psychological expert's report. Doc. No. 16 at 14. Claimant's mental status was first raised at the hearing before the ALJ. R. 49. Claimant did not claim any type of psychological impairment in his disability application, and it was not mentioned in the consultative examination report. R. 199, 259-62. Claimant's testimony at the hearing that he is "constantly fighting off depression," R. 49, is not enough to require the ALJ to order a psychological exam. *Hethcox v. Comm'r of Soc. Sec.*, 638 F. App'x 833, 835 (11th Cir. 2015) (claimant's failure to allege a mental disability in her disability report, her testimony about mental impairments at the hearing before the ALJ, and her doctor's "initial report indicating that she had below-average intelligence did not require the ALJ to order a consultative examination."); *McCray v. Massanari*, 175 F. Supp. 2d at 1339 (ALJ did not fail to fully and fairly develop the record by refusing to order a consultative examination for mental retardation when claimant's basis for the request was claimant's testimony regarding being illiterate and having a seventh grade education, there was substantial

evidence supporting the ALJ's decision that claimant had marginal intellectual abilities, and the claimant "did not allege mental retardation as the basis for his disability claims . . . .").

Claimant also argues that the time span between the hearing and his medical records, the "vague" consultative exam report (as described by the ALJ), and the conflicting information between the consultative exam report and his worker's compensation records required the ALJ to "order a subsequent physical evaluation to include range of motion and exertional limitations." Doc. No. 16 at 15.

Claimant has not had any medical treatment since 2002, allegedly due to a lack of insurance and finances.[3] R. 218. His most recent medical treatment record is a Workers Compensation Report from a 2001 doctor's examination. R. 287. Thus, his most recent medical treatment records are from fourteen years before the hearing and eleven years before his amended alleged disability onset date. R. 15, 38, 218.

On November 5, 2013, Dr. Bryon R. Dean completed a consultative examination report of Claimant. R. 259. In the report, the doctor concluded "that the claimant appears suitable for some level of manual labor work. He may benefit from vocational retraining and/or work restrictions depending on the job requirements and his pain tolerance in the left knee." R. 266. The ALJ gave this conclusion some weight because:

> it was too vague in that [the doctor] did not indicate what level of manual labor or what restrictions would be appropriate. Other than a state agency assessment of the claimant's capabilities, there is no current documentary evidence to further support or contradict the findings or assessment from [the doctor], limiting the undersigned to those findings.

R. 110.

---

[3] Claimant worked as a car detailer from 2002 until 2008, earning approximately $22,000 per year. R. 26, 193.

The ALJ admits that the report to which she gives some weight does not have any current documentary evidence to support it, other than the state agency assessment. R. 110. The Commissioner argues that the ALJ also considered this state agency assessment from February 2014.[4] Doc. No. 16 at 18.

Dr. Dean's report finds very little physically wrong with Claimant. Dr. Dean notes that Claimant favored his left leg when moving, "was unable to perform heel-to-toe walking or deep knee bends secondary to objections due to pain in the left knee." R. 262. Dr. Dean found "mild parspinal muscle hypertonicity and discomfort with palpation in the bilateral musculature." R. 263. Dr. Dean noted that Claimant "verbalizes tenderness with palpation throughout the shoulder girdles bilaterally." R. 263. Claimant also has "some tenderness with palpation over the bilateral thoracic spinal musculature." R. 263. There is "an increase in kyphosis secondary to poor posture." R. 263. The "left knee reveals a diffuse and generalized tenderness verbalized with palpation of the left knee." R. 263. There was "[s]ome popping sensation . . . during range of motion testing going from flexion to extension. He has tenderness with varus and valgus. McMurray's, AP drawer, and Lachman's. He verbalizes tenderness with pivotal grind." R. 264. Dr. Dean's impressions of Claimant were the following:

1. Left knee status post ACL and MCL tear with repair.
2. Left knee patella fracture status post repair.
3. Cervical strain/sprain.
4. Thoracic strain/sprain.
5. Left hand weakness.
6. Obesity.
7. Tobacco abuse disorder.

R. 265-66. Dr. Dean also found that the following was normal:

o  affect and mood

o  fundoscopic exam

---

[4] The Commissioner inaccurately states the date of the assessment as December 2014. Doc. No. 16 at 18.

- eyelids and periorbital areas

- carotid arteries

- skin color and temperature

- radial, dorsalis pedis, and posterior tibial pulses

- speech patterns

- sensation to proprioception, light touch, and temperature

- fine finger movement

- range of motion for upper extremities

- biceps, triceps and brachioradialis reflexes

- lumbar lordosis

- range of motion of back for age and body habitus

- mobility of back for age and body habitus

- bilateral lower extremities range of motion at ankles and toes

- patella and Achilles reflexes in lower extremities

- reflexes in lower extremities

- Babinski's.

R. 262-64. Dr. Dean also reviewed x-rays of Claimant's left knee. R. 265, 266.

On February 5, 2014, Dr. Bettye Stanley conducted a state agency assessment via a records review. R. 83-86. The ALJ gave this assessment significant weight. R. 111. Dr. Stanley reviewed Dr. Dean's report. R. 82, 83-86. Dr. Stanley opined that Claimant has the following exertional limitations:

- occasionally lift fifty pounds

- frequently lift twenty-five pounds

o   stand or walk about six hours in an eight-hour workday

o   sit for about six hours in an eight-hour workday

o   no limitations pushing or pulling other than the lifting limitations.

R. 85. Dr. Stanley also gave the following postural limitations:

o   frequently can climb ramps or stairs, balance, stoop, kneel, and crouch

o   occasionally can climb ladders, ropes, or scaffolds

o   occasionally can crawl.

R. 85-86. Dr. Stanley also found no manipulative, visual, communicative, or environmental limitations. R. 86.

Claimant argues that "the ALJ should have ordered a subsequent physical evaluation to include range of motion and exertional limitations . . . ." Doc. No. 16 at 15. The ALJ had before her a physical evaluation of Claimant's range of motion and the state agency assessment setting forth exertional limitations. R. 85-86, 262-66. The ALJ appropriately relied on Dr. Stanley's report. *See Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 740 (11th Cir. 2011) ("[T]he ALJ may rely on a non-examining physician's opinion if it does not contradict the examining physician's medical findings or test results in the medical report."). Although Dr. Stanley's opinion that Claimant could occasionally lift fifty pounds and frequently lift twenty-five pounds conflicts with a medical opinion that Claimant could not lift more than twenty pounds, R. 276, that opinion was rendered in 1998, less than one year after Claimant's accident injuring his knee, R. 280, fourteen years before Claimant's alleged disability onset date, R. 38, and four years before Claimant began working as a car detailer, R. 26.[5] *See generally Russell v. Astrue*, 742 F. Supp. 2d 1355, 1378 (N.D. Ga. 2010) (ALJ erred in relying on reports from state agency doctors

---

[5] The ALJ articulated these reasons for finding that these earlier medical records do not "significantly impact the current assessment . . . ." R. 110.

when their "findings were made nearly three years before the ALJ's decision and without the benefit of reviewing the medical records from July 2005 to 2008 or evidence similar to Plaintiff's testimony.").

Dr. Dean's and Dr. Stanley's reports together provided the ALJ with sufficient information to make an informed decision, and Claimant did not demonstrate that he was prejudiced by a failure to order another physical evaluation. Claimant did not articulate any new evidence that an additional physical evaluation would reveal. It is therefore recommended that the Court reject the argument that the ALJ did not fully and fairly develop the record so as to require remand.

### D.    Use of Incorrect Alleged Disability Onset Date

At the hearing before the ALJ, Claimant amended his alleged disability onset date to April 30, 2012. R. 38. Despite this, in her decision, the ALJ listed the alleged disability onset date as November 1, 2008. R. 107. Claimant argues that the ALJ's entire decision is erroneous because she relied on the wrong disability onset date. Doc. No. 16 at 20. Claimant does not provide any support for this assertion. Additionally, as the Commissioner points out, there is no evidence in the record from the time between the original date and the amended date. *Id.* at 20. As Claimant did not demonstrate that the outcome would have changed if the ALJ had used the amended date, it is recommended that the Court find that this mistake is not a basis for reversal. *Singleton v. Comm'r of Soc. Sec.*, No. 6:12-CV-683-ORL-GJK, 2013 WL 5236678, at *2 n.2 (M.D. Fla. Sept. 17, 2013) (error is harmless where outcome of case would not be affected).

### IV.    <u>CONCLUSION</u>

For the reasons stated above, it is **RECOMMENDED** that:

1.  The final decision of the Commissioner be **AFFIRMED**; and

     2.   The Clerk be directed to enter judgment for the Commissioner and close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on April 4, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Joel B. Fein, Esq.
Suite 307
510 Vonderburg Dr.
Brandon, FL 33511

John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Susan Kelm Story, Acting Deputy Chief Counsel
Brian Seinberg, Branch Chief
Erika A. Abalo, Assistant Regional Counsel
Social Security Administration

Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303


The Honorable Ellen Parker Bush
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Lawrence
Suite 301
439 South Union St.
Lawrence, MA 01843-2822